**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

TYLER JAMES HAGENS,

Petitioner, : Case No. 1:25-cv-898

- vs - District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

WARDEN,
London Correctional Institution,

:
Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Tyler James Hagens under 28 U.S.C. § 2254, is before the Magistrate Judge for a report and recommendations on the merits. Relevant pleadings are the Amended Petition (ECF No. 23), the State Court Record (ECF No. 17), the Respondent's Return of Writ (ECF No. 18), and Petitioner's Reply (ECF No. 19). The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 20).

## Litigation History

On April 24, 2023, the Warren County Grand Jury issued indicted Hagens on four counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b)/2907.02(B), two counts of attempted

rape in violation of Ohio Revised Code § 2923.02/2907.02(A)(1)(b), with specifications that the victims were under 10 years old, one count of gross sexual imposition in violation of Ohio Revised Code § 2907.05(B)/2907.05(C)(2), eight counts of pandering sexually-oriented matter involving a minor or impaired person in violation of Ohio Revised Code § 2907.322(A)(1)/2907.322(C), and one count of tampering with evidence in violation of Ohio Revised Code § 2921.12(A)(1)/2921.12(B)(Indictment, State Court Record , ECF No. 17, Ex. 1).

Hagens initially pleaded not guilty, but on August 15, 2023, pursuant to a plea agreement, he pleaded guilty to one count guilty of rape (Count 2) and eight counts of pandering sexually-oriented matter involving a minor or impaired person (Counts 8-15). The remaining counts were dismissed. The trial court accepted the sentence recommended by the parties and sentenced Hagens to life imprisonment with the possibility of parole after twenty-five years.

The Twelfth District Court of Appeals allowed Hagens to file a delayed appeal and his appellate counsel filed an *Anders v. California*, 386 U.S. 738 (1967), brief. On April 15, 2024, the Twelfth District dismissed the appeal on Hagens' motion (State Court Record, ECF No. 17, Exs. 13, 14).

Hagens moved in the trial court to withdraw his guilty plea and that court denied the motion, both initially and on reconsideration (State Court Record, ECF No. 17, Exs. 15-21). The Twelfth District affirmed on appeal. *State v. Hagens,* 2025-Ohio-4989 (Ohio App. 12th Dist. Nov. 3, 2025)(Byrne, P.J.[1]). The Ohio Supreme Court declined to exercise jurisdiction over a further appeal. *State v. Hagens*, 180 Ohio St.3d 1473 (2026). Hagens' petition for post-conviction relief

---

[1] Judge Byrne has recently become a District Judge of this Court but has had no involvement in the consideration or decision of this case.

was dismissed as untimely. (Entry, State Court Record, ECF No. 17, Ex. 37). Hagens appealed, but the Twelfth District affirmed and the Ohio Supreme Cout declined to exercise jurisdiction over a subsequent appeal. *Id.* at Exs. 42, 45.

On April 10, 2025, Hagens moved to reconsider the decision denying his petition for post-conviction relief as untimely. *Id.* at Ex. 46. On June 13, 2025, he moved to issue a final order and vacate conviction due to invalid plea and violation of due process, which the trial court construed as a successive petition for postconviction relief. *Id.* at Ex. 47. The trial court denied the motions as untimely and for lack of jurisdiction. *Id.* at Ex. 48. Hagens appealed and the appeal remained pending as of the time the Return was filed.

Hagens Petition in this Court is deemed filed the day he deposited it in the prison mailing system, December 5, 2025. He moved to amend his Petition on March 13, 2026, pleading the following grounds for relief:

> **Ground One**: Petitioner was denied Due Process, in violation of Brady and the 14th Amendment of the United States Constitution, when the Detective in this case failed to turn over exculpatory material.
>
> **Supporting Facts:** On April 15, 2023 Mr. Hagens was interviewed/interrogated by Det. Brandi Carter of the Warren County Sheriff's office. Mr. Hagens Signed a Miranda Waiver, and the interview/interrogation was recorded. The contents of the video include Mr. Hagens' admission to his daily use and abuse of drugs and alcohol (and at the time of the alleged offense), and that Mr. Hagens has no memory of the alleged accusations. They further failed to disclose that a prosecution witness was pandering the same material, that is the basis of similar charges against Mr. Hagens. Det. Carter has over 18 years of experience and knows the importance of collecting, preserving, withholding, and knowing which material is favorable and unfavorable.

**Ground Two**: Petitioner was denied Due Process, in violation of the 5th and 14th Amendment of the United States Constitution, when the State of Ohio failed to fulfill its obligation under Brady, disclose favorable evidence lead Detective possessed.

**Supporting Facts:** The Prosecutor filed no discovery response, made no certification of compliance with Criminal Rule 16. The State's theory was that Mr. Hagens' actions were intentional with regard to this alleged incident. In the filed petition, Mr. Hagens provided the court with an exception of 'Voluntary Intoxication'. Through a reasonable investigation or reviewing the content of the withheld video, the State would be unable to prosecute and convict the defendant of rape as the intent element would be insufficient. From the police interview until present, Mr. Hagens maintains that he has no memory of the alleged event.

**Ground Three**: Petitioner was denied Due Process, in violation of the 14th Amendment of the United States Constitution and Crim. R. 16 violations, when the State of Ohio failed to respond to the Discovery request.

**Supporting Facts:** On April 27, 2023, Mr. Hagens, through trial counsel, requested Discovery material and the Bill of Particulars. The criminal docket summary, for Mr. Hagens' case does not show a response to the requested material. In the State's motion to dismiss Mr. Hagens' Post-Conviction Petition, this State included two falsified documents that were not file stamped or time stamped, or journalized onto the docket, representing the State answered the Discovery request. There is no Affidavit, receipt, or proof that trial counsel received any discovery. The trial court speaks through its journal, and there is no record that the State complied with the Discovery Request. Without proper discovery, the defense counsel can never properly prepare a defense. This is a clear violation of Ohio Crim. R. 16. And the Fifth Amendment right to fair trial.

**Ground Four**: Petitioner was denied Effective Assistance of Counsel, in violation of the 6th Amendment of the United States Constitution, when trial counsel failed to investigate and obtain a full discovery.

**Supporting Facts:** Trial Counsel, Bradley Kraemer, never provided Mr. Hagens with Discovery, nor discussed any defense tactics, Interviewed witnesses, nor did he conduct a reasonable investigation into the facts of the case. Mr. Kraemer only met with Mr. Hagens once during his 4 months of confinement in the Warren County jail. Mr. Kraemer Had minimal communication with Mr. Hagens. Mr.

Hagens was scheduled for a pre-trial hearing on August 15, 2023. When he got to court, counsel presented Mr. Hagens with a plea agreement that council negotiated with the prosecution. Mr. Hagens had no time to consider the plea and was rushed into accepting the plea agreement. After his conviction, Mr. Hagens made multiple failed attempts to reach counsel. Mr. Hagens did however reach Mr. Kraemer's Paralegal Sandy Hensley, and she located what case material their office possessed and was able to e-mail it to Mr. Hagens' family. The case material that was provided did not include a copy nor narrative of Mr. Hagens' recorded interview/interrogation video from April 15, 2023. Further inquiry was made to the trial counsel's office, regarding the video and he was told to contact the Warren County Sheriff's Office because it was not in the case material located in their office.

**Ground Five**: The trial court's Abuse of Discretion violated Mr. Hagens' right to Due Process under the 14th Amendment of the United States Constitution, when it failed to consider the factual operative evidence that supported the Post-Conviction Petition claims.

**Supporting Facts:** Mr. Hagens sent multiple exhibits accompanying his Post-Conviction Petition. Mr. Hagens' Criminal Docket Summary was introduced to show that the State never responded to discovery. The Miranda Waiver was provided to show that there is material evidence, which was recorded. E-mails from the Warren County Sheriff's Office and Mr. Hagens' father was included regarding obtaining the interview/interrogation video, which he was denied access to. E-mails from Sandy Hensley, trial counsel's paralegal, were submitted to show when Mr. Hagens received what case material their office had possession of. Lastly, statements made by the mother of the alleged victim were provided to show the lack of intent. These exhibits that supported Mr. Hagens' claims of his Post-Conviction Petition were ignored and Mr. Hagens was procedurally barred.

**Ground Six**: The trial court's Abuse of Discretion violated Mr. Hagens' right to Due Process under the 14th Amendment of the United States Constitution, when it failed to consider the factual operative evidence that supported how the State prevented Mr. Hagens from filing a timely Post-Conviction Petition.

**Supporting Facts:** Mr. Hagens sent a Motion for Leave to File a Delayed Post-Conviction Petition, in case of a mailing delay, accompanying his Post-Conviction Petition to the Warren County Clerk of Courts and the Warren County Prosecutor's Office on

January 17, 2025. On January 29, 2025 Mr. Hagens contacted the Warren County Clerk of Courts regarding why the filing was not on the docket. The Clerk of Courts told Mr. Hagens they had not received the documents. Mr. Hagens spoke to the Prosecutor's office to inquire if they had received their copy and was told that they had received theirs. Mr. Hagens requested the Prosecutor's Office to forward a copy to the Clerk of the Clerk of Courts so it could be filed onto the docket. The Prosecutor's Office withheld the first three pages, (Request for Leave) and sent The Clerk of Courts an incomplete copy to file. Mr. Hagens caught the misconduct and re-submitted the motions. A Judicial Notice was submitted to the Court explaining the misconduct that was being conducted before the denial decision was made, that has never been acknowledged and is on the docket. Receipts of the mailing, date and cost, were provided along with e-mails from the Clerk to the Prosecutor regarding the first 3 pages that were being withheld. On February 21, 2025, Mr. Hagens' original Post-Conviction Petition was filed on the docket with a notary stamp on his affidavit in support dating January 16, 2025. Mr. Hagens Petition was timely received.

**Ground Seven:** Petitioner was denied Effective Assistance of Counsel, in violation of the 6th Amendment of the United States Constitution, when trial counsel failed to investigate the facts of the case.

**Supporting Facts:** On Mr. Hagens' Criminal Docket, trial counsel requested discovery on 04/27/2023. On this same Criminal Docket, there was no response to the discovery request. Trial counsel had minimal communication with Mr. Hagens, only visiting once while he was incarcerated. Trial counsel never provided Mr. Hagens with a copy of any Discovery/Case material. Mr. Hagens was not a part of negotiating a plea agreement. Trial counsel did not interview witnesses or prepare to defend Mr. Hagens.

**Ground Eight:** Petitioner was denied Effective Assistance of Counsel, in violation of the 6th Amendment of the United States Constitution, when trial counsel gave erroneous advice to plea.

**Supporting Facts:** Mr. Hagens turned himself over to the Warren County Sheriff's on April 15, 2023. Trial Counsel only visited Mr. Hagens once while he was incarcerated. This only visit was before counsel knew anything of the case. Mr. Hagens had a pre-trial hearing on August 15, 2023. At Mr. Hagens' pre-trial hearing, trial counsel presented Mr. Hagens with a plea. Mr. Hagens had no time to consider the plea. Mr. Hagens pleaded and was sentenced at what was supposed to be a pre-trial hearing on August 15, 2023.

**Ground Nine:** Petitioner was denied Double Jeopardy Protections and Due Process in violation of the 5th and 14th Amendment of the United States Constitution, when the Trial Court convicted Mr. Hagens on multiple counts of Pandering that stemmed from a single episode.

**Supporting Facts**: Mr. Hagens was indicted on 16 sexually related charges. 8 of the 16 charges were for Pandering. These 8 charges stemmed from one single episode of creation and distribution. Mr. Hagens was convicted on all 8 charges from the one single episode of identical conduct.

**Ground Ten**: Petitioner was denied Due Process in violation of the 14th Amendment of the United States Constitution, when the Trial Court failed to comply with Crim. R. 11, accepting Petitioners Plea as Knowing, Intelligent, and Voluntary.

**Supporting Facts**: Mr. Hagens' sentencing hearing was conducted on August 15, 2023. Mr. Hagens was asked how far he went in school during his Crim. Rule 11 colloquy. Mr. Hagens replied that he did not graduate. Trial counsel advised Mr. Hagens to answer the trial court's questions in the affirmative. Mr. Hagens was sentenced on the same day he was there for a pre-trial hearing. Mr. Hagens was handed a plea and was sentenced within an hour with no time to consider.

**Ground Eleven**: The trial court's Abuse of Discretion violated Mr. Hagens' right to Due Process under the 14th Amendment of the United States Constitution, when it failed to consider the factual operative evidence that supported the Withdrawal of Mr. Hagens· Plea.

**Supporting Facts**: Mr. Hagens provided the court with facts that support his claims. Mr. Hagens explained to the court his use and abuse of Xanax and alcohol. Mr. Hagens submitted a Substance Abuse Analysis that provided the court with the side effect of mixing Xanax and Alcohol. Mr. Hagens presented the Court with multiple examples on how his Counsel was ineffective during each step of the proceeding. Mr. Hagens presented the fact that he only sat four months in county jail and was presented a plea at his pre-trail hearing shows inconsistency, confusion, and coercion.

**Ground Twelve**: The trial court's Abuse of Discretion violated Mr. Hagens' right to Due Process under the 14th Amendment of the

> United States Constitution, when it denied the Motion to Withdraw the Plea without a hearing.
>
> **Supporting Facts**: Mr. Hagens provided enough supportive evidence that warrants an evidentiary hearing. The trial court made the decision to deny Mr. Hagens' Motion to Withdraw his Guilty Plea without considering the facts and minimizing the claims. The trial court is showing a pattern of Judicial Bias in its abuse of discretion through failing to acknowledge the unconstitutional proceedings Mr. Hagens has suffered.

Amended Petition, ECF No. 23.

## Analysis

**Ground One: Petitioner was denied Due Process, in violation of Brady and the 14th Amendment of the United States Constitution, when the Detective in this case failed to turn over exculpatory evidence.**

In his First Ground for Relief, Hagens claims his due process rights were violated when the detective who interviewed him before he was indicted failed to turn over exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady* the Supreme Court held the State has a duty to produce exculpatory evidence in a criminal case and if the State withholds evidence and it is material, the conviction must be reversed.

Respondent asserts this claim has been forfeited by Hagens' guilty plea, citing, *inter alia, Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Hagens responds that his guilty plea was not knowing, intelligent, and voluntary because it was induced by ineffective assistance of trial counsel. Ineffective assistance can excuse a procedural default, but only if the ineffectiveness claim been successfully pursued in the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000);

*Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007).

Hagens first made his claim of ineffective assistance of trial counsel in his Motion to Withdraw Guilty Plea, filed March 18, 2024 (State Court Record, ECF No. 17, Ex. 15). In that motion he asserts his attorney provided ineffective assistance of trial counsel when he failed to raise an affirmative defense of addiction to Xanax and alcohol. *Id.* at PageID 221. The trial court denied the motion because, *inter alia*, it was not supported by any evidence and Hagens had not shown any prejudice as is required by the second prong of the controlling precedent, *Strickland v. Washington,* 466 U.S. 668 (1984). In his Motion for Reconsideration, Hagens suggested his attorney could have raised a defense of intoxication, but provides no authority suggesting voluntary intoxication was available as an affirmative defense or that he was in fact intoxicated at the time of these offenses. The trial judge summarily denied the motion for reconsideration and Hagens appealed.

The Twelfth District Court of Appeals affirmed. *State v. Hagens*, *supra*. The court noted the absence of any supporting evidence for the motion to withdraw. *Id.* at ¶ 8. It upheld the trial court's denial of the motion to withdraw on *res judicata* grounds. ¶ 27. It found that voluntary intoxication would not have been an available affirmative defense at trial. *Id.* at ¶ 35. Considering all the evidence, it concluded that Hagens had not shown ineffective assistance of trial counsel. ¶ 40.

The Twelfth District's decision that Hagens had not shown ineffective assistance of trial counsel was based on reasonable application of the controlling federal precedent, *Strickland v. Washington,* 466 U.S. 668 (1984). Alternatively, it upheld the trial court's *res judicata* conclusion.

The Sixth Circuit has long recognized that Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). "[P]resentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995). But both the trial and appellate courts found Hagens had not submitted additional evidence sufficient to take the case out of the Ohio *res judicata* doctrine.

Hagens' First Ground for Relief is barred by his unexcused procedural default in presenting that claim to the Ohio courts.

**Ground Two: Failure to Disclose Favorable Evidence**

Hagens' Second Ground for Relief is a re-wording of the *Brady* claim made in Ground One and is procedurally defaulted on the same basis.

**Ground Three: Due Process Violation; Failure to Respond to Discovery Request**

In his Third Ground for Relief, Hagens asserts he was denied due process of law when the State did not respond to his counsel's request for discovery.

Apart from evidence which must be disclosed under *Brady v. Maryland*, there is no constitutional right to discovery in a criminal case. As noted above, Hagens procedurally defaulted

his *Brady* claim for reasons given by the Twelfth District. Ground Three is also procedurally defaulted because it was supported by evidence in the appellate record but not raised on direct appeal. It is also procedurally defaulted because the post-conviction petition raising this claim was beyond the jurisdiction of the Common Pleas Court because it was untimely filed as that court held (See Decision and Entry, State Court Record, ECF No. 17, Ex. 37).

**Ground Four: Ineffective Assistance Of Trial Counsel: Failure to Investigate and Obtain Discovery**

Ground Four claiming failure to investigate and obtain discovery is procedurally defaulted on the same basis as Ground One.

**Ground Five: Abuse of Discretion in Considering Post-Conviction Petition**

In his Fifth Ground for Relief, Hagens claims the trial court abused its discretion when it dismissed his Petition without considering the "operative" facts he submitted.

This Ground for Relief is procedurally defaulted by Hagens' having filed his post-conviction petition untimely.

Moreover it fails to state a claim upon which habeas corpus relief can be granted. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). Abuse of discretion is not a constitutional violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

**Ground Six: Abuse of Discretion in Considering Post-Conviction Petition**

Ground Six should be dismissed on the same basis as Ground Five.

**Ground Seven: Ineffective Assistance Of Trial Counsel: Failure to Investigate**

Ground Seven claiming ineffective assistance of trial counsel for failure to investigate is procedurally defaulted on the same basis as Ground One.

**Ground Eight: Ineffective Assistance Of Trial Counsel: Bad Advice to Plead Guilty**

In his Eighth Ground for Relief, Hagens claims he received ineffective assistance of trial counsel when his attorney advised him to accept the plea agreement. Ground Eight is procedurally defaulted on the same basis as Ground One.

**Ground Nine: Double Jeopardy**

In his Ninth Ground for Relief, Hagens claims his right not to be placed twice in jeopardy for the same offense was violated by his being convicted and punished multiple times for one "episode" of pandering nudity-oriented material. Ground Nine is procedurally defaulted on the same basis as Ground One.

Additionally, Petitioner seems not to understand the Double Jeopardy Clause. The test is

not whether two or more offenses occurred during the same episode, but whether the acts involved are separate from one another. It is perfectly possible to commit rape several times on one "occasion." The same is true of the pandering charges. If there was only one piece of sexually-oriented material – one photograph or video – a person could be lawfully punished only once for creating or distributing that item. But if several such items were created or distributed, those facts would support multiple convictions without offending the Double Jeopardy Clause.

**Ground Ten: Denial of Due Process: Failure to Comply with Ohio R. Crim. P. 11 and accepting Plea that Was Not Knowing, Intelligent, and Voluntary**

In his Tenth Ground for Relief, Hagens claims he was denied due process of law when the trial court did not comply with Ohio R. Crim. P. 11. The question of whether the trial judge complied with Ohio R. Crim. P. 11 is a question of state law, not a question of federal constitutional law. A federal habeas court cannot review the question of whether a state court complied with a state procedural rule.

On the other hand, as a matter of federal constitutional law, a guilty plea to be binding must be knowing, intelligent, and voluntary. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). To the extent Hagens claims his plea was invalid on the basis of facts which appeared in the appellate record, he has procedurally defaulted that claim by not raising it on direct appeal. To the extent it depends on facts outside the record, he has procedurally defaulted by not filing his petition

for post-conviction relief within the time allowed by law, Ohio Revised Code § 2953.21. Ground Ten should be dismissed as in part non-cognizable and in part procedurally defaulted.

**Ground Eleven: Failure to Consider Evidence in Support of Withdrawing Plea**

In his Eleventh Ground for Relief, Hagens asserts the trial court violated his right to due process when it abused its discretion in failing to consider "the factual operative evidence that supported the Withdrawal of Mr. Hagens Plea."

To the extent Ground Eleven asserts abuse of discretion, it is not cognizable in habeas. *Sinistaj, supra.* To the extent Hagens is claiming he was constitutionally entitled to withdraw his guilty plea based on the factual support for his Petition for Post-Conviction Relief, that claim is procedurally defaulted by his failure to file the post-conviction petition on time. Ground Eleven should therefore be dismissed.

**Ground Twelve: Denial of Due Process by Denial of Motion to Withdraw Without a Hearing**

In his Twelfth Ground for Relief, Petitioner asserts he was denied due process of law when his Motion to Withdraw his guilty plea was denied without a hearing.

To the extent Ground Twelve asserts abuse of discretion, it is not cognizable in habeas. *Sinistaj, supra.* To the extent he asserts he was entitled to a hearing before denial of his motion to withdraw, he also fails to state a claim upon which habeas corpus relief can be granted: no U.S. Supreme Court precedent entitles a defendant to a hearing in state court before denial of a motion to withdraw a guilty plea. Ground Twelve should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 20, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #